UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-79 |
| | ) | (VARLAN/SHIRLEY) |
| JEFFREY ALAN STIDHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**DETENTION ORDER**

This matter is before the Court on the issue of the Defendant's pretrial detention pursuant to 18 U.S.C. § 3142. The parties appeared before the undersigned for a detention hearing on June 23, 2010. Assistant United States Attorney Matthew Morris was present on behalf of the Government. Attorney Joseph Fanduzz was present on behalf of the Defendant, who was also present.

Pursuant to 18 U.S.C. § 3142(e), a defendant shall be detained pending his trial if "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." When there is probable cause to believe that a defendant committed one of the offenses involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E), it is presumed that no release condition or combination of conditions will reasonably assure the safety of the community and the appearance of the defendant in court as required. 18 U.S.C. § 3142(e)(3)(E). This presumption is subject to rebuttal by the defendant. 18 U.S.C. § 3142(e)(3). In order to rebut the presumption, the defendant must "'com[e] forward with evidence that he does not pose a danger to the community or a risk of flight.'" United States v. Stone, __ F.3d __, No. 10-1618, 2010 WL 2499658, at *2 (6th Cir. June 22, 2010) (quoting United

States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).  In other words, the "presumption in favor of detention imposes only a 'burden of production' on the defendant."  Id.  If the defendant does not produce any evidence, then the presumption controls, and he will be detained.  See id. ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence.") (quoting United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991)).  If the defendant does produce evidence, then "'the presumption favoring detention does not disappear entirely, but remains a factor to be considered.'"  Id. at *3 (quoting Mercedes, 254 F.3d at 436).  The Court of Appeals for the Sixth Circuit has explained as follows: "The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts.  Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial."  Id. (citations omitted).

In this case, the Defendant has been charged in a three-count Indictment [Doc. 3] with violating 18 U.S.C. § 2252A(a)(2)(A) (counts one and two) and (a)(5)(B) (count three).  Violation of 18 U.S.C. § 2252A(a)(2)(A) is listed in 18 U.S.C. § 3142(e)(3)(E) as an offense involving a minor victim.  Because "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged," Stone, 2010 WL 2499658, at *2 (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)), the Court finds that there is probable cause to believe that the Defendant violated 18 U.S.C. § 2252A(a)(2)(A).  Therefore, the Court presumes pursuant to 18 U.S.C. § 3142(e)(3)(E) that, subject to rebuttal by the Defendant, no release condition or combination of conditions will reasonably assure the safety of the community and the appearance of the Defendant in court as required.

At the June 23 detention hearing, the Defendant produced some evidence to rebut the

statutory presumption: he introduced the testimony of his mother, Ms. Betty Stidham. Ms. Stidham testified that the Defendant has lived with her for his entire life. She testified that the Defendant was unemployed and always at home. She stated that the Defendant has no criminal record, and that she has never seen him around children. Ms. Stidham testified that there are no firearms in her home, and she stated that she is willing to remove all computers from her home if the Defendant is released to live there pending his trial. Ms. Stidham also testified that her home is situated in a trailer park, and that she is unaware of any children residing in that park.

The Court finds that the Defendant carried his burden of production by introducing Ms. Stidham's testimony. Thus, the statutory presumption favoring his detention is not controlling, "but remains a factor to be considered," Mercedes, 254 F.3d at 436, along with the factors enumerated in 18 U.S.C. § 3142(g). The Court's analysis of these factors is set out below.

With regard to the first factor, the nature and circumstances of the offense charged, the Court finds that it favors detention. As explained *supra*, the Defendant is charged with an offense that involves a minor victim. See 18 U.S.C. § 3142(g)(1).

With regard to the second factor, the weight of the evidence against the Defendant, the Court finds that it favors detention. At the June 23 detention hearing, the Government introduced the testimony of Federal Bureau of Investigation (FBI) Special Agent David Bishop. Agent Bishop testified that the FBI's investigation of the Defendant has yielded an exact copy of all of the data contained on a computer hard drive that belonged to the Defendant. Agent Bishop stated that a forensic examination of the copied data revealed 764 images and 5 videos depicting child pornography. Agent Bishop also testified that a cellular telephone owned by Ms. Stidham was recovered from the Defendant's person at the time of his arrest on June 16, 2010. Agent Bishop

stated that a forensic examination of the telephone's memory chip revealed that it contained 12 images of "child erotica" and 5 images of "child pornography." Based on Agent Bishop's testimony, the Court finds that the weight of the evidence against the Defendant favors his detention. See 18 U.S.C. § 3142(g)(2).

With regard to the third factor, the history and characteristics of the Defendant, the Court finds that it does not favor detention or release. See 18 U.S.C. § 3142(g)(3). Several subfactors of the Defendant's history and characteristics favor release: his lack of criminal history, his family ties, and his lack of drug or alcohol abuse problems. See id. On the other hand, the Defendant's unemployment, character, past conduct, short length of residence in the community, and lack of community ties favor detention. See id.

At the June 23 detention hearing, Agent Bishop testified that the Defendant was in possession of a telephone containing child pornography at the time of his arrest, which occurred more than 14 months after the FBI first visited his home with concerns about his potential possession of child pornography. This fact is significant because it demonstrates that the Defendant did not have the strength of character to change his behavior. Accordingly, the Court finds that the Defendant's character and past conduct favor his detention. See 18 U.S.C. § 3142(g)(3)(A).

While the Defendant's reliance on his mother suggests that there is a low risk that he will flee, his short length of residence in the community and his lack of any community ties to this area indicate that flight is more likely. See id.

Evidence of the Defendant's physical and mental condition and his financial resources was not well-developed at the detention hearing. Accordingly, the Court finds that these subfactors of the Defendant's history and characteristics are of little significance. See id.

Testimony at the detention hearing established that the Defendant is unemployed, and has been so for seven years. It has been the Court's long experience that employed defendants are much less likely to violate the terms of their pretrial release orders than are unemployed defendants. Thus, the Defendant's long unemployment favors his detention. See id.

The Defendant appears to have no prior criminal history, and at the time he was charged in this case, he was not on probation, parole, or other release. See 18 U.S.C. § 3142(g)(3)(A) and -(B). These subfactors favor release. See id. In addition, there was no evidence that the Defendant has any history of drug and alcohol abuse. This subfactor also favors release. See 18 U.S.C. § 3142(g)(3)(A).

Overall, the Court concludes that the subfactors of the Defendant's history and characteristics balance and do not favor detention or his release. Accordingly, the Defendant's history and characteristics are given little weight in the Court's analysis. See 18 U.S.C. § 3142(g)(3).

With regard to the fourth and final factor, the nature and seriousness of the danger the Defendant would pose to any person or the community if he is released, the Court finds that there is clear and convincing evidence that the Defendant would be a serious danger to the community given his apparently persistent interest in–and continuing efforts to obtain–child pornography. See 18 U.S.C. § 3142(g)(4).

In sum, the Court finds that the Government has established, by clear and convincing evidence, that the release of the Defendant would pose a danger to the safety of the community. The Court also finds that there is no combination of conditions that could be placed on the Defendant's release that would reasonably assure the Court that the Defendant would not pose a danger to the

community. See 18 U.S.C. § 3142(e). The Defendant's mother, Ms. Stidham, has been unable to control the Defendant's behavior in the past, and there is no reason to believe that her supervision of the Defendant could prevent him from seeking child pornography again in the future. At the time of the Defendant's arrest, he was in possession of a cellular telephone owned by his mother. That telephone contained child pornography. Ms. Stidham admitted that she was aware that the Defendant was using her telephone to access the internet, and she knew, in detail, the Defendant's methodology for downloading data from the internet to the phone and transferring it to his computer. Ms. Stidham's admitted knowledge of these facts indicates to the Court that she was, at worst, complicit in the Defendant's efforts to obtain child pornography or, at best, an enabler of his predilection for child pornography.

It is therefore **ORDERED** that the Defendant, Jeffery Alan Stidham, be detained pending the trial of this matter. He is hereby committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting sentencing or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this Court or another Court of the United States, or upon request of an attorney for the Government, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshals for the purpose of an appearance in connection with a judicial proceeding.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge