UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-79 |
| | ) | (VARLAN/SHIRLEY) |
| JEFFREY ALAN STIDHAM, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Defendant's Motion to Continue Trial [Doc. 14] filed on August 2, 2010. The parties appeared before the undersigned for a hearing on the Motion on August 10, 2010. Assistant United States Attorney Matthew Morris was present on behalf of the Government. Attorney Joseph Fanduzz was present on behalf of the Defendant, who was also present.

At the hearing, the Defendant explained that he is requesting a trial continuance because he needs additional time to review newly provided discovery. He further explained that he expected more discovery from the Government soon. Accordingly, the Defendant asked the Court to grant, in addition to a trial continuance, an extension of the deadline for filing pretrial motions in this case which expired on July 14, 2010.

The Government does not oppose the Defendant's request for a trial continuance and an extension of the motion filing deadline. At the August 10 hearing, the Government agreed that

1

discovery was incomplete. It stated that a computer was seized pursuant to a search warrant in this case on June 23, 2010. The Government represented that the forensic analysis of the seized computer is unfinished. It further represented that the analysis should be complete within the next two weeks, and that a forensic report would be provided to the Defendant upon such completion.

The parties agreed to request a new trial date of December 7, 2010. The parties both stated that all time between the August 10 motion hearing and the requested new trial date of December 7, 2010, should be fully excludable time under the Speedy Trial Act. Defense counsel stated that the Defendant was aware of and understood his speedy trial rights. Defense counsel further stated that he had discussed the need for a trial continuance with the Defendant, and that the Defendant wanted the trial to be continued. The Defendant himself also stated that he wished the trial continued and that he understood that he would remain in custody pending the new trial date.

The Court finds that the Defendant's Motion to Continue Trial is well-taken. Accordingly, the Motion **[Doc. 14]** is **GRANTED** and the trial of this matter before the Honorable Thomas A. Varlan, United States District Judge, is **CONTINUED** to **December 7, 2010**. In light of the ongoing discovery in this case, the Court finds that the Defendant's request for an extension of the motion filing deadline is also well-taken. The Defendant shall have up to and including **September 17, 2010**, to file pretrial motions. The Government shall have up to and including **October 1, 2010**, to respond to any pretrial motions filed by the Defendant.

The Court also finds that the ends of justice served by continuing the trial outweigh the best interest of the Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Discovery in this case is ongoing and the Defendant will need reasonable time to review the information he receives and decide if filing pretrial motions is appropriate. See 18 U.S.C. § 3161(h)(1)(D).

Following the filing of any motions, the undersigned will need time to resolve or to prepare a report and recommendation regarding resolution of those motions. See 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this could not occur before the previously scheduled trial date of August 17, 2010. Thus, without a trial continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court therefore finds that all time between the motion hearing held on August 10, 2010, and the new trial date of December 7, 2010, is fully excludable time under the Speedy Trial Act.

With regard to other scheduling in this case, the plea negotiation deadline is extended to **November 24, 2010**.

**IT IS ORDERED**:

(1) The Defendant's Motion to Continue Trial **[Doc. 14]** is **GRANTED**.

(2) The trial of this matter is reset to commence on **December 7, 2010**, before the Honorable Thomas A. Varlan, United States District Judge.

(3) All time between the motion hearing held on **August 10, 2010**, and the new trial date of **December 7, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

(4) The Defendant shall have up to and including **September 17, 2010**, to file pretrial motions. The Government shall have up to and including **October 1, 2010**, to respond to any pretrial motions filed by the Defendant.

(5) The plea negotiation deadline is extended to **November 24, 2010**.

**IT IS SO ORDERED.**

                                                        ENTER:

                                                        ___s/ C. Clifford Shirley, Jr.___
                                                        United States Magistrate Judge